Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TRITON MANAGEMENT, LLC, AND DOES 1-8, INCLUSIVE,<br><br>Defendant(s). | **COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION-ADA**<br><br><br>**JURY TRIAL DEMAND**<br><br>**'17 CV 2004 BAS KSC** |

## NATURE OF THE ACTION

This is an action under Title I of American with Disabilities Act of 1990, as amended by the ADA Amendment Act of 2008 (hereinafter the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices because of disability and to provide appropriate relief to EEOC Charging Party Johanna Deleissegues, who was adversely affected by such practices.  As alleged with greater particularity in Paragraphs 10-29 below, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant Triton Management, LLC discriminated against Charging Party because of disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112 (a) and (b).  More specifically, Defendant Triton Management denied Charging Party Johanna Deleissegues a reasonable accommodation, discharged her without engaging in the interactive process, and/or failed to reinstate because of her disability, bi-polar disorder.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3.     Plaintiff U.S. Equal Employment Opportunity  Commission (Plaintiff" or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the

1  ADA, and is expressly authorized to bring this action under § 107(a) of the ADA,
2  42 U.S.C. § 12117(a).

3      4.      At all relevant times, Defendant Triton Management, LLC
4  ("Defendant" or "Triton") has continuously been a California corporation doing
5  business in San Diego County, State of California.

6      5.      At all relevant times, Defendant has continuously employed at least
7  fifteen (15) employees.

8      6.      At all relevant times, Defendant has continuously been a covered
9  entity and employer engaged in an industry affecting commerce within the
10 meaning of Sections 101 (2), (5), and (7) of the ADA, 42 U.S.C. §§ 12111 (2), (5),
11 and (7).

12     7.      All of the acts and failures to act alleged herein were duly performed
13 by and attributable to all Defendant(s), each acting as a successor, agent,
14 employee, alter ego, indirect employer, joint employer or under the direction and
15 control of the others, except as specifically alleged otherwise.  Said acts and
16 failures to act were within the scope of such agency and/or employment, and each
17 Defendant(s) participated in, approved and/or ratified the unlawful acts and
18 omissions by the other Defendant(s) complained of herein.  Whenever and
19 wherever reference is made in this Complaint to any act by a Defendant or
20 Defendants, such allegations and reference shall also be deemed to mean the acts
21 and failures to act of each defendant acting individually, jointly, and/or severally.

22     8.      Plaintiff is ignorant of the true names and capacities of each
23 Defendant sued as DOES 1 through 8, inclusively, and therefore the Commission
24 sues said defendants by fictitious names.  The Commission reserves the right to
25 amend the complaint to name each DOE defendant individually or corporately as
26 it becomes known.  The Commission alleges that each DOE defendant was in
27 some manner responsible for the acts and omissions alleged herein and the
28 Commission will amend the complaint to allege such responsibility when the

1  same shall have been ascertained by the Commission.

2  **STATEMENT OF CLAIMS**

3      9.    More than thirty (30) days prior to the institution of this lawsuit,

4  Deleissegues filed a charge of discrimination with the Commission and the

5  California Department of Fair Employment and Housing alleging violations of the

6  ADA by Defendant.

7      10.    The Commission conducted an investigation into the allegations by

8  Deleissegues that included requesting and examining documents and interviewing

9  witnesses.

10      11.    On July 13, 2017, the Commission issued Defendant a

11  Letter of  Determination finding reasonable cause to believe that the ADA was

12  violated and inviting Defendant to join with the Commission in informal methods

13  of conciliation to endeavor to eliminate the discriminatory practices and provide

14  appropriate relief.

15      12.    The Commission engaged in communications with Defendant to

16  provide Defendant with the opportunity to remedy the discriminatory practices

17  described in the Letter of Determination.

18      13.    The Commission was unable to secure from Defendant a conciliation

19  agreement acceptable to the Commission.

20      14.    On September 14, 2017, the Commission issued Defendant a Notice of

21  Failure of Conciliation.

22      15.    All conditions precedent to the initiation of this lawsuit have been

23  fulfilled.

24  **Discriminatory Acts**

25      16.    Since at least March 2016, Defendant has engaged in unlawful

26  employment practices in violation of Section 102(a) and (b) of the ADA, 42

27  U.S.C. 12112 (a) and (b).  More specifically, during March 2016, Defendant

28  refused to engage in an interactive process, denied Deleissegues a reasonable

-4-

1  accommodation, discharged her without engaging in the interactive process,
2  and/or failed to reinstate her or extend her leave without in interactive process to
3  identify a reasonable accommodation because of disability, bi-polar disorder.

4        17.    Defendant is a "retail bonds provider" with headquarters in Carlsbad,
5  CA.

6        18.    Sometime during the Spring of 2015, Deleissegues was first
7  diagnosed with bi-polar disorder and started treatment.

8        19.    Deleissegues is disabled within the meaning of the ADA due to
9  having an actual and record of impairment, bi-polar disorder. Due to this
10  impairment, she is substantially limited in major life activities such as thinking,
11  concentrating, communicating, and interacting with others.

12        20.    On or about late December 2015, Defendant hired Deleissegues for
13  its Legislative Affairs Director position.  A licensed attorney, she met all the
14  qualifications for the Legislative Affairs Director position.

15        21.    On or about March 12, 2016, Deleissegues suffered a manic episode
16  from her bi-polar disorder while she was in Miami, Florida to attend a relative's
17  funeral.

18        22.    During this manic episode, she sent an incoherent text message to
19  Defendant on or about March 12, 2016.  In this text message, Deleissegues wrote
20  to Defendant, "BTW, I quit," and that "I'm not crazy. I'm bi-polar," among other
21  things.

22        23.    On the same night that Deleissegues sent this text message to
23  Defendant, she later hospitalized in Miami.

24        24.    On the morning of March 14, 2016, Deleissegues' husband called
25  and left a voicemail message for Defendant's Human Resources Director and
26  provided a status on Deleissegues' medical condition.  In the message, her
27  husband explained that Deleissegues was ill and that she was currently in the
28  hospital recovering. Deleissegues' husband also left his phone number where he

1   could be reached, but Defendant never returned his phone message.

2       25.   On or about March 14, 2016, without any response to the above-
3   referenced voicemail from Deleissegues' husband, Defendant mailed Deleissegues
4   an overnight package containing a "Conclusion of Employment" letter indicating
5   that Defendant was accepting her resignation effective March 18, 2016.

6       26.   On March 18, 2016, Deleissegues' husband sent a letter to
7   Defendant's Director of Human Resources in response to the "Conclusion of
8   Employment" letter from March 14, 2016. In his letter, Deleissegues' husband
9   explained that on the morning of March 14, 2016, Deleissegues had retracted her
10  resignation via his voice message because she was suffering from a manic episode
11  when she erroneously tendered her resignation on March 12, 2016, among other
12  things.  This March 18, 2016, correspondence to Defendant also included a letter
13  from Deleissegues' treating physician stating, "[t]his lady is disabled and
14  suffering from an acute episode. Please excuse her from work until April 15,
15  2016."

16      27.   On March 30, 2016, Defendant denied Deleissegues' request for
17  reasonable accommodation (medical leave) without engaging in the interactive
18  process, and denied her request for reinstatement.  Without engaging in an
19  interactive process, Defendant would not extend her leave, reinstate her, or
20  consider any alternatives as possible reasonable accommodations. Instead,
21  Defendant insisted that she had resigned via the March 12, 2016, text message. As
22  of March 30, 2016, Deleissegues had been effectively discharged without an
23  interactive process to identify a reasonable accommodation.

24      28.   During August 2016, Deleissegues obtained employment as an
25  attorney with a local firm in the San Diego, California area.

26      29.   Defendant failed to provide Deleissegues with a reasonable
27  accommodation (e.g., extending medical leave), discharged her without engaging
28  in the interactive process, failed to reinstate her or consider any reasonable

1  accommodations without an interactive process because of disability in violation
2  of 42 U.S.C. §§ 12112 (a) and (b) of the ADA.

3      30.    The effect of the practices complained as described in paragraphs 16-
4  29 has been to deprive Charging Party of equal employment opportunities and
5  otherwise adversely affects her status as an employee because of disability.

6      31.    The unlawful employment practices complained of in paragraphs 16-
7  29 above were intentional and caused Charging Party to suffer emotional distress.

8      32.    The unlawful employment practices complained of in paragraphs 16-
9  29 above were done with malice or with reckless indifference to the federally
10  protected rights of Charging Party.

11

12                    **PRAYER FOR RELIEF**

13      The Commission respectfully requests that this Court:

14      A.    Grant a permanent injunction enjoining Defendant(s), its officers,
15  successors, assigns, and all persons in active concert or participation with each of
16  them, from engaging in any employment practices which discriminate on the basis
17  of disability.

18      B.    Order Defendant(s) to institute and carry out policies, practices, and
19  programs to ensure that they would not engage in unlawful employment practices
20  in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

21      C.    Order Defendant(s) to make whole Charging Party by providing
22  appropriate back pay with prejudgment interest, in amounts to be determined at
23  trial.

24      D.    Order Defendant(s) to make Charging party whole by providing
25  compensation for past and future pecuniary losses, including but not out-of-pocket
26  expenses suffered by her which resulted from the unlawful employment practices
27  described above in the amounts to be determined at trial.

28

-7-

1       E.     Order Defendant(s) to make Charging Party whole by providing

2  compensation for non-pecuniary losses resulting from the unlawful employment

3  practices described above in amounts to be determined at trial.  The non-pecuniary

4  losses include emotional pain, suffering, inconvenience, mental anguish,

5  humiliation and loss of enjoyment of life, in amounts to be determined at trial.

6       F.     Order Defendant(s) to pay Charging Party punitive damages for its

7  malicious and/or reckless conduct as described in Paragraphs 16-30 above in an

8  amount to be determined at trial.

9       G.    Award the Commission its costs of this action.

10      H.    Grant such further relief as the Court deems necessary and proper in

11  the public interest.

12

13                                    **JURY TRIAL DEMAND**

14       The Commission requests a jury trial on all questions of fact raised by its

15  Complaint.

16

17  Dated:  September 29, 2017        Respectfully Submitted,

18                                JAMES L. LEE,

19                                Acting General Counsel

20                                GWENDOLYN YOUNG REAMS,

21                                Associate General Counsel

22                                U.S. EQUAL EMPLOYMENT

23                                OPPORTUNITY COMMISSION

24                                131 "M" Street, N.E.

                                    Washington, D.C.  20507

25

26

27                          By: _____

28                               ANNA Y. PARK,

                                Regional Attorney