Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TRITON MANAGEMENT SERVICES, LLC, AND DOES 1-8, INCLUSIVE,<br><br>Defendant(s). | Case No. 17CV2004 BAS (KSC)<br><br>**FIRST AMENDED COMPLAINT CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION-ADA**<br><br>**JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title I of American with Disabilities Act of 1990, as amended by the ADA Amendment Act of 2008 (hereinafter the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices because of disability and to provide appropriate relief to EEOC Charging Party Johanna Deleissegues, who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 10-29 below, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant Triton Management Services, LLC discriminated against Charging Party because of disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112 (a) and (b). More specifically, Defendant Triton Management Services, LLC denied Charging Party Johanna Deleissegues a reasonable accommodation, discharged her without engaging in the interactive process, and/or failed to reinstate because of her disability, bi-polar disorder.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

**PARTIES**

3. Plaintiff U.S. Equal Employment Opportunity Commission (Plaintiff" or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the

ADA, and is expressly authorized to bring this action under § 107(a) of the ADA, 42 U.S.C. § 12117(a).

4. At all relevant times, Defendant Triton Management Services, LLC ("Defendant" or "Triton") has continuously been a California corporation doing business in San Diego County, State of California.

5. At all relevant times, Defendant has continuously employed at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been a covered entity and employer engaged in an industry affecting commerce within the meaning of Sections 101 (2), (5), and (7) of the ADA, 42 U.S.C. §§ 12111 (2), (5), and (7).

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant(s) participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 8, inclusively, and therefore the Commission sues said defendants by fictitious names. The Commission reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. The Commission alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and the Commission will amend the complaint to allege such responsibility when the

same shall have been ascertained by the Commission.

**STATEMENT OF CLAIMS**

9. More than thirty (30) days prior to the institution of this lawsuit, Deleissegues filed a charge of discrimination with the Commission and the California Department of Fair Employment and Housing alleging violations of the ADA by Defendant.

10. The Commission conducted an investigation into the allegations by Deleissegues that included requesting and examining documents and interviewing witnesses.

11. On July 13, 2017, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On September 14, 2017, the Commission issued Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

**Discriminatory Acts**

16. Since at least March 2016, Defendant has engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. 12112 (a) and (b). More specifically, during March 2016, Defendant refused to engage in an interactive process, denied Deleissegues a reasonable

accommodation, discharged her without engaging in the interactive process, and/or failed to reinstate her or extend her leave without in interactive process to identify a reasonable accommodation because of disability, bi-polar disorder.

17. Defendant is a "retail bonds provider" with headquarters in Carlsbad, CA.

18. Sometime during the Spring of 2015, Deleissegues was first diagnosed with bi-polar disorder and started treatment.

19. Deleissegues is disabled within the meaning of the ADA due to having an actual and record of impairment, bi-polar disorder. Due to this impairment, she is substantially limited in major life activities such as thinking, concentrating, communicating, and interacting with others.

20. On or about late December 2015, Defendant hired Deleissegues for its Legislative Affairs Director position. A licensed attorney, she met all the qualifications for the Legislative Affairs Director position.

21. On or about March 12, 2016, Deleissegues suffered a manic episode from her bi-polar disorder while she was in Miami, Florida to attend a relative's funeral.

22. During this manic episode, she sent an incoherent text message to Defendant on or about March 12, 2016. In this text message, Deleissegues wrote to Defendant, "BTW, I quit," and that "I'm not crazy. I'm bi-polar," among other things.

23. On the same night that Deleissegues sent this text message to Defendant, she later hospitalized in Miami.

24. On the morning of March 14, 2016, Deleissegues' husband called and left a voicemail message for Defendant's Human Resources Director and provided a status on Deleissegues' medical condition. In the message, her husband explained that Deleissegues was ill and that she was currently in the hospital recovering. Deleissegues' husband also left his phone number where he

could be reached, but Defendant never returned his phone message.

25. On or about March 14, 2016, without any response to the above-referenced voicemail from Deleissegues' husband, Defendant mailed Deleissegues an overnight package containing a "Conclusion of Employment" letter indicating that Defendant was accepting her resignation effective March 18, 2016.

26. On March 18, 2016, Deleissegues' husband sent a letter to Defendant's Director of Human Resources in response to the "Conclusion of Employment" letter from March 14, 2016. In his letter, Deleissegues' husband explained that on the morning of March 14, 2016, Deleissegues had retracted her resignation via his voice message because she was suffering from a manic episode when she erroneously tendered her resignation on March 12, 2016, among other things. This March 18, 2016, correspondence to Defendant also included a letter from Deleissegues' treating physician stating, "[t]his lady is disabled and suffering from an acute episode. Please excuse her from work until April 15, 2016."

27. On March 30, 2016, Defendant denied Deleissegues' request for reasonable accommodation (medical leave) without engaging in the interactive process, and denied her request for reinstatement. Without engaging in an interactive process, Defendant would not extend her leave, reinstate her, or consider any alternatives as possible reasonable accommodations. Instead, Defendant insisted that she had resigned via the March 12, 2016, text message. As of March 30, 2016, Deleissegues had been effectively discharged without an interactive process to identify a reasonable accommodation.

28. During August 2016, Deleissegues obtained employment as an attorney with a local firm in the San Diego, California area.

29. Defendant failed to provide Deleissegues with a reasonable accommodation (e.g., extending medical leave), discharged her without engaging in the interactive process, failed to reinstate her or consider any reasonable

accommodations without an interactive process because of disability in violation of 42 U.S.C. §§ 12112 (a) and (b) of the ADA.

30. The effect of the practices complained as described in paragraphs 16-29 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affects her status as an employee because of disability.

31. The unlawful employment practices complained of in paragraphs 16-29 above were intentional and caused Charging Party to suffer emotional distress.

32. The unlawful employment practices complained of in paragraphs 16-29 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant(s), its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B. Order Defendant(s) to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C. Order Defendant(s) to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant(s) to make Charging party whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendant(s) to make Charging Party whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant(s) to pay Charging Party punitive damages for its malicious and/or reckless conduct as described in Paragraphs 16-30 above in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

//

//

//

Dated: November 9, 2017

Respectfully Submitted,

JAMES L. LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

`

By: S/ Anna Y. Park
ANNA Y. PARK,
Regional Attorney
E-Mail: Anna.Park@eeoc.gov