1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                              Plaintiff,<br><br>       v.<br><br>TRITION MANAGEMENT SERVICES, LLC, *et al.*,<br><br>                              Defendants. | Case No. 17-cv-2004-BAS-KSC<br><br>**CONSENT DECREE** |

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Triton Management Services, LLC ("Triton" or "Defendant")(collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve the Commission's complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. Triton Management Services, LLC, et al.</u>; Case No. 3:17-cv-02004-BAS-KSC (the "Action").  On September 29, 2017, Plaintiff filed this Action in the United States District Court, Southern District of California, for violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").  The Action alleged that Defendant discriminated against Charging Party Johanna Deleissegues ("Charging Party" or "Deleissegues") on the basis of disability by denying her a reasonable accommodation, discharging her without engaging in the interactive process, and/or failing to reinstate Ms. Deleissegues' employment because of her disability, bipolar disorder.  Triton denies these allegations.

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree.  The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as its officers, directors, agents, successors and assigns.

B.    The Parties have entered into this Decree for the following purposes:

1.    To provide monetary and injunctive relief to resolve this action;

2.    To ensure Defendant's employment practices comply with the ADA/ADAAA;

3.    To ensure a work environment free from discrimination, especially as it relates to disability discrimination;

2

4.    To ensure training with respect to Defendant's obligations under the ADA/ADAAA;

5.    To ensure that Defendant provides an appropriate and effective mechanism for handling reasonable accommodation requests and complaints of disability discrimination;

6.    To ensure appropriate recording keeping, reporting, and monitoring; and

7.    To avoid the expensive and protracted costs incident to this litigation.

## III.

## RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant in this Action.

B.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADA/ADAAA or any other federal employment statute.

C.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair, reasonable and just.

C.    This Decree conforms with the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person.

D.    The Court shall retain jurisdiction of this action during the duration of the Decree

for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes

Defendant has violated or breached. Defendant shall have thirty (30) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     If the thirty (30) day period has passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and/or any other relief the court deems appropriate.

## VIII.

## MONETARY AND CLAIMANT-SPECIFIC RELIEF

**A.     Monetary Relief**

1.     Defendant will pay a total of $110,000.00 (one hundred and ten thousand dollars) in settlement of this lawsuit (the "Settlement Sum") to Johanna Deleissegues within thirty (30) days of the Effective Date of this Decree.

2.     The EEOC has designated that the payment will be non-wage compensation for any emotional distress suffered by Charging Party as a result of her alleged claims against Defendant.  As such, no tax withholding shall be made on this amount. Defendant shall prepare and distribute a 1099 tax reporting form and/or equivalent tax reporting forms to Ms. Deleissegues for this amount and shall make any appropriate reports to the Internal Revenue Service (IRS) and other tax authorities. The 1099 form shall be issued at the time the check is distributed.

3.     The settlement checks and tax forms shall be mailed to Ms. Deleissegues via certified mail at an address to be provided by the EEOC to Defendant.  Within three (3) business days of the issuance of the settlement check, Defendant shall submit a copy of each check, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

**B.**   <u>**Claimant Specific Relief**</u>

Upon request, Defendant shall provide verification of Ms. Deleissegues' employment to any prospective employer.  Provided such inquiries are directed to Triton's Human Resources Director Sherry Tipps or her successor, such verification will be limited to Ms. Deleissegues' job title, employment classification (*e.g.* full/part-time, exempt/non-exempt) and dates of employment (without disclosing the reason for the end of her employment).  Should this duty be assigned to a successor, Defendant will promptly inform the EEOC of the name and contact information of the successor within five (5) business days of Defendant becoming aware of a departure date for Ms. Tipps or her successor.

## IX.
## GENERAL INJUNCTIVE RELIEF

**A.**   <u>**Anti-Discrimination**</u>

Triton, its officers, directors, agents, management (including all supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, including but not limited to third party vendors, customers, and/or clients are hereby enjoined from engaging in any employment practice which discriminates against any Triton employees on the basis of disability.

**B.**   <u>**Retaliation**</u>

Triton, its officers, directors, agents, management (including all supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, including but not limited to third party vendors, customers, and/or clients are hereby enjoined from engaging in, implementing or permitting any action, policy or practice that subjects any current or former Triton employee or applicant to retaliation, because he or she has in the past, or during the term of this Decree has: (a) in good faith opposed any practice made unlawful under the ADA/ADAAA; (b) filed a good faith charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation or proceeding relating to this case or relating to any

claim of an ADA/ADAAA violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; (f) sought and/or received any relief in accordance with this Decree; (g) sought an accommodation under the ADA/ADAAA; and/or (h) is associated with an employee who has engaged in any of the activities set forth above in Section IX.B.

**C.     Requests for Reasonable Accommodation**

Triton shall engage in the interactive process to identify and provide reasonable accommodations for any disabled employee who requires an accommodation unless Triton can establish undue hardship resulting from the reasonable accommodation. Such accommodations may include, but are not limited to, providing the employee with medical leave and/or extensions of medical leave, extension of medical leave, and/or other reasonable accommodation requested by the employee. Nothing in this paragraph is intended to preclude Triton from requiring employees to furnish appropriate medical certification and/or other documentation supporting an alleged medical condition and/or work restriction upon request by Triton as part of the interactive process.

## X.

## SPECIFIC INJUNCTIVE RELIEF

**A.     Equal Employment Opportunity Officer**

1.      The EEOC agrees to Triton designating its existing Director of Compliance Justin Pinney as its internal Equal Opportunity Officer ("EO Officer") to oversee the terms of this Decree with the assistance of an outside compliance consultant. For the duration of the Decree, with the assistance of the outside compliance consultant, the EO Officer's duties shall include, *inter alia*:

a.      Reviewing, revising, and/or creating Triton's anti-discrimination and retaliation policies, procedures, and practices and complaint procedures to ensure compliance with the ADA/ADAAA and this Decree;

b.      Ensuring that all employees, including executives, management and other supervisory employees, Human Resources professionals, and non-managerial

employees employed by Triton, are provided live training regarding their rights and responsibilities under the ADA/ADAAA and this Decree, in accordance with the requirements of Section X.E of this Decree;

   c. Monitoring any requests for accommodations to ensure compliance with this Decree;

   d. Ensuring that Triton maintains a centralized system of receiving and making determinations on requests for reasonable accommodations using the Accommodation and Complaint Log detailed in Section X.F below;

   e. Ensuring that Triton maintains a centralized system of tracking all complaints by employees asserting that they were improperly denied an accommodation, discriminated against and/or retaliated against on the basis of a disability using the Accommodation and Complaint Log detailed in Section X.F below;

   f. Ensuring proper communications with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and whether any remedial action has been taken;

   g. Utilizing the Accommodation and Complaint Log described in Section X.F below to provide feedback to Triton to implement improvements in the way the interactive process is conducted by Triton, the way reasonable accommodations are assessed and provided, and the way discrimination and/or retaliation complaints are identified, reported, investigated, resolved, and monitored;

   h. On an annual basis through the term of the Decree, conducting and documenting an audit of Defendant's ability to: engage in the interactive process with disabled individuals upon actual or constructive notice of the need for a reasonable accommodation; handle accommodation requests; and respond appropriately to complaints of disability discrimination and/or retaliation, including conducting a proper investigation and conducting necessary monitoring thereafter, which monitoring may including but is not limited to following up with complainants to ensure their complaints have been addressed and resolved, any subsequent interactive process was effective, and

any reasonable accommodations provided are effective;

        i.     Implementing updates and changes to improve Triton's policies and procedures regarding the interactive process, reasonable accommodations, complaint handling, and conducting investigations, based on the results of the audit described in subsection (h).

        j.     Reporting the findings of the audit described in subsection (h)and any changes to policies and procedures pursuant to subsection (i) to the EEOC on an annual basis during the term of the Decree;

        k.     Preparing all reports require by this Decree and ensuring such reports are submitted timely to the EEOC;

        l.     Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

        m.     Monitoring and ensuring the distribution of any documents and Notice Posting as required by this Decree; and

    2.     Otherwise ensuring Defendant's compliance with this Consent Decree and the ADA/ADAAA. Defendant shall bear all costs associated with the EO Officer and the performance of his/her duties.

**B.**    **Policies and Procedures**

    1.     Review of Policies and Procedures to Assess Need for Revision

    Within sixty (60) days of the Effective Date, Triton shall review and, if necessary, revise its policies on discrimination and retaliation.  As part of its review, Triton shall review its policies for the following:

        a.     A clear statement that expressly prohibits discrimination on the basis of race, color, national origin, sex, disability, religion or any other prohibited category in all terms, conditions and benefits of employment, including but not limited to, personnel decisions, hiring, promotion, and/or termination;

        b.     An assurance that employees who make complaints of discrimination, oppose unlawful practices under the ADA/ADAAA, are identified as witnesses, provide

information related to such complaints, and/or testify or participate in any manner in providing information related to such complaints, will be protected against retaliation;

      c.    A clear statement that employees who have a disability have the right to a reasonable accommodation under the ADA/ADAAA;

      d.    A clearly described accommodation process for employees or applicants who believe they require a reasonable accommodation on the basis of disability including, but not limited to, to whom an employee may make requests of accommodations, the procedures for communicating such requests to the proper decision-makers, and whom an employee may contact if they have questions about the process;

      e.    An accommodation process that provides a prompt, thorough, and effective interactive process that includes direct communication with the requesting employee to determine the need for reasonable accommodation, the available reasonable accommodations, and follow-up procedures to ensure that any provided accommodation continues to be effective;

      f.    A clear requirement that Defendant, including supervisory employees or human resources personnel, shall timely provide to eligible employees an available reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, provided it does not constitute an undue hardship;

      g.    A clear explanation of the duties of supervisory and human resources employees have in timely engaging in the interactive process with and providing effective reasonable accommodations to employees who are deemed disabled;

      h.    A clear requirement that Defendant, including supervisory employees or human resource personnel, shall engage in open and frequent communication with its employees throughout the interactive process, including an early meeting with the applicant or employee to discuss possible effective accommodations and the provision of the name of the contact person that the applicant or employee can contact with questions or concerns at any time in the process;

      i.    A clear requirement that Defendant, including supervisory employees

or human resource personnel, shall review any accommodation decision with the applicant or employee, including a communication to provide in writing to the applicant or employee the decision and reasons for the denial of accommodation request;

j.     A clear explanation of the duties of supervisory and human resources employees in conducting a follow-up meeting with the applicant or employee to evaluate the continued effectiveness of any accommodation provided and to discuss whether further engagement in the interactive process if necessary;

k.     A complaint procedure that provides a prompt, thorough, and impartial investigation;

l.     A clearly described complaint process for employees or applicants who believe they have been subjected to disability discrimination and/or retaliation that provides employees with (i) the address and telephone numbers of internal (i.e. appropriate human resources personnel) and (ii) contact information for external agencies (i.e., the EEOC's Los Angeles District Office and/or DFEH) to whom persons may report discrimination and/or retaliation.

m.     A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and whether any remedial action was taken;

n.     An assurance that Triton will take immediate and appropriate corrective action when it determines that disability discrimination and/or retaliation has occurred; and

o.     A requirement that any employee in a supervisory position who receives a reasonable accommodation request, whether formal or informal, written or verbal, report such reasonable accommodation request to the human resources department within three (3) business days of receiving said request.

2.     These policies shall be distributed to Triton's employees within ninety (90) days of the Effective Date of this Decree.  Triton shall provide the EEOC with copies of these policies and confirm re-distribution of these policies to Triton employees no later

than ninety (90) days after the Effective Date of this Decree. These policies shall apply to all employees of Triton Management Services, LLC and shall be issued to all new Triton employees upon their hire.

**D.    Posting**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Triton shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by Triton employees at all of Triton's locations during the term of this Decree.  The notice shall remain posted for the duration of the decree.  Triton shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree within ninety (90) days of the Effective Date.

**E.    Training**

1.    Training for All Triton Employees

No later than March 29, 2019, and then on an annual basis thereafter, Triton shall provide live training regarding ADA/ADAAA compliance to all of Triton's employees. The training shall last at least sixty (60) minutes, and shall be mandatory.  This training shall include coverage of the subjects of equal employment opportunity rights and responsibilities under the ADA/ADAA, including disability discrimination, harassment and retaliation (with a focus on mental disabilities such as bipolar disorder), Defendant's policies and procedures with an emphasis on disability discrimination, reasonable accommodations, the interactive process, leave requests as a reasonable accommodation and Triton's current policies and procedures for reporting complaints of discrimination. The training shall be conducted by Triton's outside compliance consultant.  Triton shall keep an attendance log of all employees who attend this training.  The training shall further address:

a.    An overview of the ADA/ADAAA including what constitutes unlawful discrimination and the denial of reasonable accommodation;

b.    Employee rights, including examples of qualifying disabilities pursuant to guidance found in 29 C.F.R. § 1630.2, and reasonable accommodations with

a particular emphasis on requests for leave as a reasonable accommodation and reasonable accommodations sought for mental disabilities;

     c.    Defendant's accommodation request process, including but not limited to, how employees can notify Defendant of an accommodation request or potential need for an accommodation with an emphasis on requests to extend medical leaves of absence or requests for reasonable accommodation after the conclusion of a medical leave of absence;

     d.    How to report disability discrimination, concerns regarding the interactive process and denial of a reasonable accommodation, and retaliation complaints; and

     e.    Defendant's policies and procedures pursuant to engaging in the interactive process and providing a reasonable accommodation.

Where an employee is unable to attend the scheduled training, Defendant shall provide a live training at an alternative session covering the same issues set forth above within ten (10) days of the training. All persons required to attend such training shall verify their attendance in writing.

Any employee hired after the initial training, which is to occur no later than March 29, 2019, will be trained at the next scheduled annual training. There will be a total of three scheduled trainings during the term of the Decree and employees will be required to attend every scheduled training that occurs after their hire date. All persons required to attend such training shall verify their attendance in writing.

    2.    <u>Training for Supervisors and Other Management</u>

No later than March 29, 2019, and on an annual basis thereafter, Triton shall provide live, interactive training to all managers and human resources personnel, any staff members responsible for engaging in the interactive process and/or processing reasonable accommodation requests, and any staff members who are responsible for determining whether leave is a reasonable accommodation. The training shall last at least two (2) hours and shall be mandatory. This training shall include coverage of the rights

and responsibilities of Triton and its managers under the ADA/ADAAA and this Decree. This training shall include coverage of the subjects of equal employment opportunity rights and responsibilities under the ADA/ADAA, including disability discrimination, harassment and retaliation (with a focus on mental disabilities such as bipolar disorder),the obligation to engage in the interactive process, how to recognize and limit the role of unlawful bias in the employment application and decision making processes, and Triton's current policies and procedures for reporting and handling complaints of discrimination.  The training shall also address:

      a.    Unlawful discrimination, harassment, and retaliation under the ADA/ADAAA;

      b.    A discussion of the ADA/ADAAA's application to mental disabilities;

      c.    Triton's obligations pursuant to the ADA/ADAAA to engage in the interactive process and determine whether a reasonable accommodation can be provided;

      d.    Each trainee's obligation in complying with federal laws regarding employment discrimination on the basis of disability and retaliation, including the distinction between the requirements of the ADA/ADAAA and the Family and Medical Leave Act;

      e.    The interactive process, including that it is necessary to communicate with every party involved with a particular accommodation including the employee and the employee's managers and supervisors in order to assess the needs of the employee requesting a reasonable accommodation;

      f.    Monitoring accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation process, especially for employees returning from medical leave;

      g.    Obligations under this decree, including the duties regarding the Accommodation and Complaint Log (Section X.D below);

      h.    Reviewing and assessing whether the interactive process was properly conducted, including determining the needs of disabled individuals to ensure they were

provided a meaningful opportunity to engage in the interactive process;

      i.    How to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities;

      j.    How to notify Defendant of an accommodation request or potential need for an accommodation for individuals with disabilities;

      k.    The purposes and goals of the interactive process and how best to ensure those purposes and goals are achieved;

      l.    Granting leave or an extension of leave as a reasonable accommodation;

      m.    Each trainee's particular role in the interactive and accommodation processes and obligations under Defendant's policies and procedures, with a particular emphasis on requests for extended medical leave of absence;

      n.    Each trainee's particular role in implementing an accommodation and monitoring its effectiveness, including methods for identifying effective accommodations;

      o.    How to address and report disability discrimination and retaliation complaints; and

      p.    Each attendee's obligations under ADA and ADAAA.

Where a managerial employee or supervisor is unable to attend the scheduled training, Defendant shall provide a live training at an alternative session covering the same issues set forth above within ten (10) days of the training. All persons required to attend such training shall verify their attendance in writing.

Any employee who is covered by the managerial training who is hired or promoted after the initial training, which is to occur no later than March 29, 2019, will be trained at the next scheduled annual training. There will be a total of three scheduled trainings during the term of the Decree and employees covered by the managerial training will be required to attend every scheduled training that occurs after their hire date. All persons required to attend such training shall verify their attendance in writing.

3.    Expert Presentation Regarding Mental Disabilities in the Workplace

No later than March 29, 2019, Defendant shall provide a live presentation with an individual with expertise regarding mental disabilities in the workplace ("Expert") to all managers, all human resources personnel, any staff members who are responsible for engaging in the interactive process and/or processing reasonable accommodation requests, and any staff members who are responsible for determining whether leave is a reasonable accommodation. The presentation shall be at least one (1) hour in duration and focus on mental disabilities, including bipolar disorder, and Defendant's obligations and responsibilities under the ADA/ADAAA to reasonably accommodate mental disabilities. This training will be provided in conjunction with the two-hour live training for supervisors and other management (Section X.E.2) as an addition one-hour training, to total three (3) hours of training for supervisors and other management.

The Expert shall be subject to the Commission's approval, which shall not be unreasonably withheld, as follows: Defendant shall propose three potential Experts to the Commission.  If the Commission does not approve any of the proposed Experts, the Commission shall provide Defendant with a list of at least three suggested candidates acceptable to the Commission.  Defendant shall bear all costs associated with the presentation.

4.    Verification of Training

a.    Within thirty (30) days of each such training described above, Triton shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a list of the individuals who conducted the training, and a list of the names and job titles of the attendees at each training session.

b.    The EEOC shall have the right to attend the trainings described in the Decree. Triton shall give the EEOC a minimum of fifteen (15) days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and copies of the materials that will be used to conduct these trainings. The

written notice and materials shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.  The EEOC may comment on the training materials or curriculum in advance of the training.

**F.    <u>ADA Coordinator and Accommodation and Complaint Log</u>**

1.    Within thirty (30) days of the Effective Date, Triton shall designate an in-house ADA Coordinator and establish a record-keeping procedure that provides for the centralized tracking of requests for accommodations and disability discrimination complaints in the form of an Accommodation Log and a Complaint Log, respectively. The ADA Coordinator shall be responsible for tracking, monitoring and processing requests for accommodations and reporting on such requests to Triton's General Counsel.

2.    Triton shall retain all documents relating to any accommodation requests and any interactive process for a minimum of three (3) years from the date of the request. Triton shall also retain any documents generated or collected in connection with any complaint of disability discrimination, any investigation into any complaint, and any resolution of any complaint for a minimum of three (3) years from the date of the complaint.

3.    Triton shall maintain an Accommodation Log and Complaint Log for the purpose of an annual self-assessment, with input and guidance of the EO Officer, to assess and/or improve the way the interactive process is conducted by Triton and the way in which reasonable accommodations are provided.

4.    The Accommodation Log will include the following information:

a.    Name of person making the request;

b.    Date of the request;

c.    Physical or mental impairment;

d.    Any person to whom the request for accommodation was made;

e.    Accommodation(s) requested, if any;

f.    Date on which medical documentation supporting the request was

provided, if any;

      g.    Any records or documents made or reviewed in the course of engaging in the interactive process;

      h.    Any person involved in the decision-making process, including the interactive process, regarding the request for accommodation;

      i.    Accommodation provided, if any;

      j.    The reason for the decision to provide or refuse any accommodation;

      k.    Whether any modification or additional accommodations were sought and, if so, whether such requests were granted or denied.

    5.    The Complaint Log will include the following information

      a.    Name of the person making the complaint;

      b.    Date(s) of the complaint (including all oral and written complaints);

      c.    Nature of the complaint;

      d.    Names of any and all persons to whom the complaint was made;

      e.    Names of any and all alleged perpetrators of discrimination and/or retaliation;

      f.    Date of investigation into each complaint of discrimination and/or retaliation;

      g.    Names of any and all individuals interviewed during the investigation;

      h.    A brief summary of the conclusions reached during the investigation;

      i.    A brief summary of how each complaint was resolved;

      j.    Identity of each person involved in the resolution of the complaint; and

      k.    Summary of all information, including all documents, that were reviewed during the investigation and in reaching a resolution as to each complaint.

In addition to reporting to the EEOC pursuant to this Decree, Triton shall produce a copy of its logs within ten (10) days of a written request by the EEOC.

///

## G.   Recordkeeping

Triton shall comply with all applicable record keeping and reporting laws relating to the collection and reporting of employment information for the purposes of anti-discrimination laws.  Triton will maintain copies of all forms acknowledging employees' receipts of policies revised pursuant to this Decree for the duration of this Decree.

Triton shall also maintain a record-keeping procedure that provides for the centralized tracking of accommodations requests (in the form the Accommodation Log described above) and complaints of discrimination (in the form of the Complaint Log described above), the monitoring of such complaints, and the status/outcome of such complaints.  The records to be maintained shall include all documents generated in connection with a request for accommodation or a formal complaint made by any Triton employee during the duration of the Decree, including documents related to the investigation into, or resolution of, each such complaint and the identities of the parties involved.  Triton shall also retain attendance records for each of the trainings it conducts pursuant to this Decree.  Triton shall also maintain all documents pertaining to the internal audits in section X.A.1.h.

Triton will make the aforementioned records available to the EEOC for inspection and copying within ten (10) business days following a written request by the EEOC.

## H.   Reporting

Triton, through its EO Officer, shall provide the following reports annually throughout the term of this Decree:

1.    The attendance lists of all attendees for the training sessions required under this Decree that took place since the previous report;

2.    A copy of training materials used to comply with the training requirements of the decree;

3.    Acknowledgements of receipt of the policies and procedures related to the ADA/ADAAA for all employees hired since the previous report;

4.    Defendant's Accommodation and Complaint Log;

5.      A summary of the audit and changes made pursuant to the audit as set forth in section X.A.1.h and i.

6.      Verification that the Notice Posting requirement as set forth in Section D is in full compliance throughout the duration of the Decree; and

7.      The status of Defendant's compliance with the terms of the Decree; and

8.      Whether any revisions of Defendant's policies and procedures regarding reasonable accommodation, disability discrimination, or retaliation have occurred since the preceding report, including a copy of the revised policies or procedures.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Triton shall bear all costs associated with the administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Triton shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Triton, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Triton shall ensure that each of its directors, officers, human resources personnel, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal

Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  10 | 2 | 2018

By:    Anna Y. Park
       Attorneys for Plaintiff EEOC


PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP

Date:  10/2/2018

By:    Jeffrey P. Ames
       Attorney for Defendant Triton
       Management Services, LLC

Date:  10 / 1 / 2018

By:    Justin Pinney, Director of Compliance
       Representative of Defendant Triton
       Management Services, LLC

1

**ORDER**

2    The provisions of the foregoing Consent Decree are hereby approved and

3  compliance with all provisions thereof is **HEREBY ORDERED**.

4

5  Date: _10- 8 -18_____

6                                    The Honorable Cynthia Bashant
                                     United States District Court Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Los Angeles District Office

## NOTICE OF CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of <u>U.S. Equal Employment Opportunity Commission v. Triton Management Services, LLC, et al.; Case No. 5:17-cv-02004-BAS-KSC</u>, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. In July 2017, the EEOC filed a lawsuit in the United States District Court for the Southern District of California against Triton Management Services, LLC alleging that they discriminated against a former employee on the basis of disability. Thereafter, Triton Management Services, LLC settled the case by entering into a Consent Decree with the EEOC and paying monetary relief to the employee. Triton Management Services, LLC also agreed to relief intended to correct and prevent future discrimination including, but not limited to: assigning an internal equal opportunity officer; reviewing and revising their equal employment policies and practices, especially as they relate to engaging in the interactive process, reasonable accommodations, and providing leave as a reasonable accommodation; providing annual training; posting and distributing this Notice of Consent Decree; tracking accommodation requests and complaints of employees; and record-keeping and reporting to the EEOC for three (3) years.

Triton Management Services, LLC is committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying disability discrimination and retaliation. Triton Management Services, LLC will not tolerate discrimination against employees on the basis of that person's disability, sex, race, national origin, color, religion, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been discriminated against because of your disability, sex, national origin, age, race, color, or religion, or retaliated against, you may seek assistance from:

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
1-800-669-4000